IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3113-D

| | | |
|---|---|---|
| MARLOW WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS and ROBERT EVANS, | ) | |
| | ) | |
| Defendants. | ) | |

On July 12, 2017, Marlow Williams ("Williams" or "plaintiff"), a state prisoner proceeding pro se, filed a first amended complaint against Erik Hooks ("Hooks" or "defendant") and Robert Evans ("Evans" or "defendant"; collectively, "defendants"), alleging various claims pursuant to 42 U.S.C. § 1983 concerning his continued imprisonment [D.E. 3-1]. On April 4, 2018, defendants moved for summary judgment [D.E. 26], and filed a memorandum in support [D.E. 27] and a statement of material facts [D.E. 28]. On April 13, 2018, Williams moved for leave to file an amended motion for summary judgment and filed various documents in support [D.E. 30]. On April 26, 2018, Williams responded in opposition to defendants' motion for summary judgment [D.E. 31], and filed a statement of material facts [D.E. 32] and appendix [D.E. 33]. On May 10, 2018, defendants replied [D.E. 37].

On February 7, 2019, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 46], and recommended granting defendants' motion for summary judgment, denying Williams's motion for summary judgment, and dismissing Williams's complaint. On February 25, 2019, Williams objected to the M&R [D.E. 47].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which

objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

Williams's objections reiterate arguments stated in his complaint and summary judgment motion and do not meaningfully rebut the M&R. Compare M&R [D.E. 46] 6-10, with [D.E. 3-1] and [D.E. 30-1]. Accordingly, de novo review is not required. See, e.g., Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). Because there is no clear error on the face of the record, the court accepts the recommendations in the M&R.

Alternatively, Williams's objections fail. On July 23, 1993, Williams was convicted in state court of first-degree murder and robbery with a dangerous weapon. See [D.E. 28] ¶ 1; Am. Cmpl. [D.E. 3-1] 5. A state court sentenced Williams to consecutive terms of life imprisonment and 40 years' imprisonment for these offenses. See [D.E. 28] ¶¶ 1–2. On January 22, 2013, Williams received a letter stating that he will never commence his 40-year sentence for robbery with a dangerous weapon because it is consecutive to his life sentence for first-degree murder. See id. ¶ 4; [D.E. 3-2] 9. The letter informed Williams that, unless he received parole on his first-degree murder sentence, he would remain in prison serving that sentence until he died. See [D.E. 28] ¶ 4.

On January 13, 2015, Williams filed a grievance concerning commencement of his 40-year sentence for robbery with a dangerous weapon. See [D.E. 3-2] 1–8. The North Carolina Post Release and Parole Commission ("the Commission") denied Williams's request. On April 15, 2015, Williams filed a complaint in state court, alleging that defendants' predecessors disregarded commencement of his second sentence. See [D.E. 28] ¶ 5; Am. Cmpl. [D.E. 3-1] 4–5. Williams litigated his claims in

the North Carolina Court of Appeals, which affirmed the trial court's grant of summary judgment to defendants. See Williams v. Perry, 794 S.E.2d 557, 2016 WL 7100600, (N.C. Ct. App. 2016) (unpublished table decision). The Supreme Court of North Carolina denied further review of Williams's claims. See Williams v. Perry, 369 N.C. 522, 797 S.E.2d 296 (2017).

On April 28, 2017, Williams filed his complaint in this court [D.E. 1]. Williams raises the same arguments that he raised in state court. See Compl. [D.E. 1] 5–8; Am. Compl. [D.E. 3-1] 7–13. Accordingly, the doctrines of claim and issue preclusion bar Williams's claims. See Allen v. McCurry, 449 U.S. 90, 95–96 (1980); Sartin v. Macik, 535 F.3d 284, 287–88 (4th Cir. 2008); Davenport v. N.C. Dep't of Transp., 3 F.3d 89, 92–93 (4th Cir. 1993); Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 434, 349 S.E. 2d 552, 557, 560 (1986).

Alternatively, Williams essentially requests this court to exercise appellate review of a state court decision. Generally, federal district courts have "no authority to review final judgments of a state court in judicial proceedings." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); see Rooker v. Fid. Tr. Co., 263 U.S. 413, 415–16 (1923). The Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994); see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); Feldman, 460 U.S. at 476; Thana v. Bd. of License Comm'rs for Charles Cty., 827 F.3d 314, 318–20 (4th Cir. 2016); Washington v. Wilmore, 407 F.3d 274, 279–80 (4th Cir. 2005). For the doctrine to apply, the party seeking relief in federal court must be asking the federal court to "reverse or modify the state court decree." Adkins v. Rumsfeld, 464 F.3d 456, 464 (4th Cir. 2006) (quotation omitted); see Thana, 827 F.3d at 318–20. A party "may not escape the jurisdictional bar of Rooker-Feldman by merely refashioning its attack

3

on the state court judgments as a [section] 1983 claim." Jordahl v. Democratic Part of Va., 122 F.3d 192, 202 (4th Cir. 1997). Thus, this court lacks jurisdiction over Williams's claims.

Alternatively, Williams fails to state a claim upon which relief can be granted. Because there is no right to parole as a matter of federal law, inmates have a liberty interest in parole decisions only "where the state has created a legitimate claim of entitlement to some aspect of parole." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996) (quotation omitted); see Burnette v. Fahey, 687 F.3d 171, 180–81 (4th Cir. 2012); Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (en banc). Assuming without deciding that Williams possesses a liberty interest, Williams's state court proceedings have provided Williams with sufficient procedural due process in the parole context. See Vann, 73 F.3d at 522; Spaulding v. N.C. Parole Comm'n, No. 5:15-HC-2307-FL, 2017 WL 979022, at *2 (E.D.N.C. Mar. 13, 2017) (unpublished). Thus, Williams's claims fail on the merits.

In sum, the court OVERRULES Williams's objections [D.E. 47], ADOPTS the conclusions in the M&R [D.E. 46], GRANTS defendants' motion for summary judgment [D.E. 26], DENIES Williams's motion for summary judgment [D.E. 30], and DISMISSES Williams's claims. The clerk shall close the case.

SO ORDERED. This 5 day of March 2019.

JAMES C. DEVER III
United States District Judge

4